See further, Herold v. Met. E. R. Co., 37 N. Y. St. Rep. 896 ;  Purdy v. Man. R. Co., 36 Id  43 ; Welsh v. N. Y. E. R. Co., 35 Id. 35 ;  Gray v. Man. R. Co., 35 Id. 32 ;  Kearney v. Met. E. R. Co., 37 Id. 892 ;  Newman v. Same, 118 N. Y. 618.

---

MARY J. MORGAN, Respondent, v. THE NEW YORK AND MASSACHUSETTS RAILWAY COMPANY, Appellant.

*Court of Appeals, January 26, 1892.*

*Estoppel. Eminent domain.*—Where the company delivered the original order confirming the commissioners' report at, and caused it to be recorded in full in, the office of the county clerk of the county in which the land is situated, though not in the book of deeds, it is estopped from denying that such act was a substantial compliance with the former statute.

Appeal from a judgment of the general term of the second judicial department, affirming a judgment entered upon a verdict directed at the circuit.

*Robert F. Wilkinson,* for appellant.

*Horace D. Hufcut,* for respondent.

BROWN J.—The question presented upon this appeal is whether the evidence showed conclusively that the provisions of § 18 of the general railroad act had been complied with so as to establish a debt against the defendant for the amount of an award made in a proceeding instituted by the defendant to acquire lands of the plaintiff for railroad purposes.

We decided in the case of Lent against the same defendant at this term of the court, *ante*, 592, that it was essential to constitute a cause of action against a railroad corporation for the amount of an award for land taken for railroad purposes that it should be alleged in the complaint that the final order confirming the commissioners' report, or a certified copy thereof, had been recorded at full length in the clerk's office of the county where the land was situated, and until that act was performed there was no debt against the company.

The complaint in this action contained such an allegation, which the answer denied, and the issue thus raised was the only one considered at the trial.

The question is no longer one of general importance, as the amendment of the Code in 1890 has established a new proceeding for the taking of lands under the power of eminent domain, and the laws as they existed prior to that time have been repealed.  Laws of 1890, chap. 95.

We are of the opinion that there was in this case a substantial compliance with the statute.  The defendant was the successor of the Poughkeepsie & Eastern R. R. Company, and it appeared that the real estate was situated in Dutchess county and the proceeding was instituted and brought before the court in that county.

The original order confirming the report, signed by the justice who presided at the court which granted it, was by the counsel for the railroad company delivered to the county clerk, and the expense of entering and recording it charged to him.  It was copied at full length into a book kept by the clerk in his office, endorsed, " Poughkeepsie & Eastern

R. R. Co. orders," and at the end of the order, made by the clerk who copied it into the book, were the words : " Entered and recorded August 18, 1888."

The appellant contends that this was not such a recording as required by the statute, for two reasons:

*First.* That the order should have been recorded in the book of deeds.

*Second.* That the recording of the original instead of a certified copy did not comply with the law.

, Final orders in proceedings taken to acquire title to land under the power of eminent, domain are statutory conveyances of real estate, and the first objection might have some foundation in the provision of the general recording act if the rights of a subsequent purchaser in good faith of the same real estate, or a portion thereof were involved.

But in this case the final order was delivered to the court clerk by the defendant, and it caused it to be recorded at full length in the book referred to, and it cannot now be permitted to deny that such act was not a substantial compliance with the statute and created a debt from it to the land owner.

The second objection is without merit. Recording the original order which remained on file in the same office was a substantial compliance with the statute. The defendant caused that act to be done and cannot now be allowed to deny its efficacy. The order confirming the report was made August 13, 1888, and affirmed by order of the general term February 14, 1889. This action was commenced in March and tried in July, 1889.

There is no suggestion in the answer and no evidence on the trial that the defendant intended or desired to abandon the proceeding and its rights have not been prejudiced or abridged.

The defense was without merit, and the judgment should be affirmed.

All concur, except POTTER, J., not voting.